# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| DONALD D. CORY and WILMA JEAN CORY, | ) ) ) | Case No. 06-50016 |
| Debtors. | ) ) | |
| MELINDA ATKINS | ) ) ) | |
| Plaintiff, | ) | |
| v. | ) ) | Adversary Proceeding |
| DONALD D. CORY and WILMA JEAN CORY, | ) ) ) | No. 08-4107 |
| Defendants. | **)** ) | |

## MEMORANDUM ORDER

In this adversary proceeding, the Plaintiff filed a complaint seeking a judgment declaring that a lawsuit for malicious prosecution that she filed against the Debtors-Defendants in the Associate Circuit Court of Platte County, Missouri, is not barred by the discharge injunction because it relates to a claim that is nondischargeable under 11 U.S.C. § 523(a)(6). The Debtors have filed a motion arguing that this matter should be dismissed because the deadline for filing an action under § 523(a)(6) passed on February 6, 2007.

The Court held a hearing on the Debtors' motion to dismiss on July 17, 2008. At the hearing, the parties agreed that the outcome of the Debtors' motion turns on the date on which the Plaintiff's cause of action for malicious prosecution accrued under state law. If the action accrued pre-petition, then the Plaintiff's complaint should be dismissed because it would relate to a pre-petition claim and any action to determine its nondischargeability under § 523(a)(6) would be untimely. However, if the malicious prosecution action accrued post-petition, then dismissal is not appropriate (and the Plaintiff is likely entitled to the relief she seeks) because the complaint would relate to a post-petition claim not subject to the Debtors' discharge (or the discharge injunction) and the deadline for filing a nondischargeability action would be irrelevant.

In her state court lawsuit, the Plaintiff alleges that the Debtors, maliciously and without probable cause (sic), caused the Prosecuting Attorney of Platte County to file a misdemeanor bad check charge against the Plaintiff, based on a check given to the Debtors by the Plaintiff in September 2005. The criminal charges were filed on January 5, 2006. The Debtors then filed a Chapter 11 bankruptcy petition on January 26, 2006.[1] The criminal case was dismissed on January 31, 2006.

Under Missouri law, a claim for malicious prosecution accrues when the allegedly spurious litigation against the defendant is dismissed.[2] This rule applies to civil actions as well as criminal actions.[3]

The Debtors concede that the criminal action against Ms. Atkins at issue in the state court malicious prosecution action was dismissed <u>after</u> the Debtors filed their Chapter 7 bankruptcy petition. Therefore, the Plaintiff's malicious prosecution action accrued post-petition. As a post-petition claim, it is not subject to the Debtors' discharge and the deadline for objecting to the dischargeability of a pre-petition debt is irrelevant. The discharge injunction did not prohibit the bringing of the state court action, and the Plaintiff did not violate the discharge injunction by filing the lawsuit. Accordingly, it is

**ORDERED** that the Defendants' motion to dismiss is hereby DENIED.

**SO ORDERED** this 18th day of July 2008.

    /s/ Jerry W. Venters
United States Bankruptcy Judge

A copy of the foregoing mailed electronically or
conventionally to:
Jeffrey A. Deines
Lyle L. Odo

---

[1] On motion of the United States Trustee, the case was converted to Chapter 7 on November 11, 2006, and the February 6, 2007, deadline was established for the filing of nondischargeability complaints.

[2] *See Shinn v. Bank of Crocker*, 803 S.W.2d 621, 624 (Mo. Ct. App. 1991).

[3] *Id.*